FILED

MAR 31 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED

APR 2 6 2006

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. LAWRENCE NATHANIEL BOWMAN, Defendant - Appellant. | No. 05-30106 D.C. No. CR-04-00011-a-RRB/JD MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted February 9, 2006
Seattle, Washington

Before: LEAVY, RYMER and FISHER, Circuit Judges.

Bowman appeals his 33-month prison sentence following his guilty plea for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), arguing his sentence is unreasonable under *United States v. Booker*, 543 U.S. 220 (2005), because the district court failed properly to consider the

---

*This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

sentencing factors under 18 U.S.C. § 3553. He also argues that the district court abused its discretion in ordering a special condition regulating his contact with minors, including his own children and grandchildren, and improperly delegated its sentencing authority to the probation officer. We affirm Bowman's sentence.[1]

## I. Reasonableness of Bowman's sentence of imprisonment

The government first argues that we do not have jurisdiction to review Bowman's prison sentence for reasonableness because his arguments in support of his appeal do not implicate any of the provisions under 18 U.S.C. § 3742(a).[2] It is well-settled that we always have jurisdiction to determine our own jurisdiction. *United States v. Ruiz*, 536 U.S. 622, 628 (2002). In this case, to determine whether Bowman's sentence "was imposed in violation of law," we must consider the merits of Bowman's argument that his sentence was unreasonable. *See id.* Because it is clear the district court properly considered the sentencing factors under 18 U.S.C. § 3553(a) – as required by *Booker,* 543 U.S. at 260-61 – in

---

[1] Because the parties are familiar with the facts of this case, we recite them only as necessary to our decision.

[2] 18 U.S.C. § 3742(a) authorizes appellate review of a defendant's challenge to his or her sentence if it (1) "was imposed in violation of law," (2) "was imposed as a result of an incorrect application of the sentencing guidelines," (3) "is greater than the sentence specified in the applicable guideline range" or (4) "was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable."

sentencing Bowman to the minimum prison term advised by the Sentencing Guidelines, Bowman's sentence was reasonable and his appeal fails whether for lack of jurisdiction or on the merits.

The parties agree that the district court properly calculated the recommended sentencing range under the advisory Guidelines. The district court then explicitly referred to § 3553(a) when it stated that it had to "apply a number of other factors to see what really is a sentence that's sufficient to punish you for this conduct, but not greater than necessary to satisfy the sentencing goals." *Cf.* 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary, to comply with [the four purposes of sentencing set forth in § 3553(a)(2), i.e., retribution, deterrence, incapacitation and rehabilitation]."). The district court's deliberations reflect consideration of the § 3553(a) factors, including the nature and circumstances of the offense; Bowman's history and characteristics; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment and afford adequate deterrence. After considering these factors together with the now-advisory Guidelines range of 33-41 months, the district court imposed a sentence at the bottom of the range, stating that the sentence "accomplishes the sentencing goals,"

"lets the community know that this kind of conduct is not appropriate" and that it was not "greater than necessary to satisfy these goals." There was no error here.

## II. Imposition of Special Condition Two[3]

Because Bowman preserved his challenge to the imposition of Special Condition Two, we review the district court's decision for abuse of discretion. *United States v. Gallagher*, 275 F.3d 784, 793 (9th Cir. 2001). We hold that the district court did not err in ordering Special Condition Two as we construe its intent.

We accept the government's concession at oral argument that Special Condition Two does *not* require Bowman to seek approval from the probation officer to have "*supervised* contact/visitation" with his own children and grandchildren. Despite the language of the written condition, it is clear from the sentencing hearing transcript that the district court's intent was to authorize the probation officer *initially* to determine, after consultation with a treatment counselor, whether Bowman should be allowed *unsupervised* contact with his children and grandchildren. Because the district court's oral pronouncement of

---

[3] The government does not argue that we lack jurisdiction to review the district court's imposition of special conditions of supervised release.

4

Special Condition Two is unambiguous, we agree with the government's concession. *See United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993).

A district court has broad discretion to order special conditions of supervised release under 18 U.S.C. § 3583(d) if the condition is "reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender, and [it] 'involve[s] no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release.'" *United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003) (quoting *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir.2003)). Even special conditions that restrict fundamental rights are valid so long as they are: "(1) primarily designed to meet the ends of rehabilitation and protection of the public and (2) reasonably related to such ends." *United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991).

The condition prohibiting Bowman from having unsupervised contact with a minor is reasonably related to at least two sentencing goals. First, it relates to rehabilitating Bowman regarding his desire to download and possess images of child pornography. Second, the condition is reasonably related to protecting the public from Bowman's potential future possession of pornography or the realization of his self-described abnormal sexual fantasies (even if the latter possibility is remote). We have previously upheld similar conditions of supervised

5

release based on a connection between the safety of minors and the desire for pornography. *See, e.g., Rearden*, 349 F.3d at 620. Moreover, because Special Condition Two did not limit Bowman's access to minors entirely (but only required supervised contact), the condition "involve[s] no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *T.M.*, 330 F.3d at 1240 (internal quotation marks omitted).

The district court did not abuse its discretion in requiring Bowman to seek a favorable recommendation from the probation officer to have *unsupervised* contact with his son and grandson. *Cf.* Leonore M.J. Simon, *Sex Offender Legislation and the Antitherapeutic Effects on Victims*, 41 Ariz. L. Rev. 485, 490-92 (1999) (reviewing research literature to show that at least 90% of reported incidents of child molestation are committed by family members or acquaintances of the family). Moreover, Special Condition Two does not forbid Bowman from seeing his son and grandson altogether; he is merely required to visit them under supervision, and he may seek permission from the district court (upon a recommendation from the probation officer) to have unsupervised contact with them.

Finally, although Special Condition Two authorizes the probation officer to determine, in consultation with the treatment counselor, whether to recommend

that Bowman be allowed to have *unsupervised* contact with his son and grandson, that delegation of authority was limited. The sentencing transcript makes clear that the district court expressly retained final authority to modify the no-unsupervised-contact order with respect to the children in Bowman's family. Thus, the district court did not improperly delegate its sentencing authority to the probation officer. *See United States v. Stephens*, 424 F.3d 876, 880 (9th Cir. 2005) (explaining that "where the court makes the determination of *whether* a defendant must abide by a condition, and *how* . . . a defendant will be subjected to the condition, it is permissible to delegate to the probation officer the details of where and when the condition will be satisfied"). Indeed, if the probation officer arbitrarily or unfairly denies Bowman a favorable recommendation, Bowman is free to seek relief from the district court under 18 U.S.C. § 3583(e)(1).

**AFFIRMED.**

7

