M. J. Haden
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LAWRENCE NATHANIEL BOWMAN,<br><br>　　　　Defendant. | NO. 4:04-cr-0011-RRB<br><br>**UNOPPOSED MOTION ON SHORTENED TIME TO CORRECT CLERICAL ERROR IN JUDGEMENT** |

　　　　Lawrence Nathaniel Bowman, through counsel, moves this court for an order correcting the judgment in this matter to reflect the verbal order of the court during the imposition of sentencing hearing held February 14, 2005.

　　　　The written judgment in this case contains an error in the wording of Special Condition of Supervision Number Two that is inconsistent with the court's verbal order during the imposition of sentencing hearing. Special Condition Number Two reads as follows:

> 　　　　The defendant shall not have any unsupervised contact with any child under the age of 16.  With regard to the defendant's own children or grandchildren, <u>supervised</u> contact/visitation may be allowed only with prior authorization of the Probation Officer after consultation with the treatment counselor.  (Emphasis added)

During the oral argument before the Ninth Circuit Court of Appeals the government conceded that, despite the language contained in the written judgment, the special condition was not meant to require Mr. Bowman to seek approval from the probation officer to have "supervised contact/visitation" with his own children and grandchildren, but according to the oral record, should have been worded to prohibit any <u>unsupervised</u> contact with his own children and grandchildren without permission of the probation officer. Based on the oral record, the Ninth Circuit accepted the government's concession and reviewed the appeal as if the judgment had been corrected. (Exhibit A, Memorandum from Ninth Circuit)

>The oral record from the imposition of sentence hearing states as follows:
>
>Defense Counsel:    Yes, Your Honor. Also we would object to unsupervised contact with all minor children. We would like to make an exaction for his son and his grandson.
>
>The Court:    And I don't think I have a problem with that, but I think that I will – that will be down the road. I thought about that when I was reading this because he does have a ten-year-old son, if I remember correctly.
>
>Defense Counsel:    That's correct, Your Honor, and a nine-year-old grandson, and possibly in time, he could have other grandchildren.
>
>The Court:  Let me think about that, I – you know, that's a tough one.
>
>Government Counsel: Your Honor, what I'd like to do , it I may before I – if you're looking for my recommendation, is may I consult the probation officer briefly?  I mean, my normal reaction is –
>
>The Court:  Well, I'm almost inclined to say at the discretion of the probation officer, so she —

>Government Counsel: Okay. Any reason why wouldn't we have it supervised? And, the, if there's a reason not to, we can deal with it. But I don't – I mean, it would seem to me that it should at least be supervised.
>
>The Court: Well, I've already said it can –
>
>Government Counsel: Just have some – another adult there.
>
>The Court: I've already said it can be supervised. That would be his –-
>
>Government Counsel: Okay.
>. . . . .
>
>The Court: . . .I'm saying no unsupervised contact with –- unsupervised contact with any child under the age of whatever we picked, I think it was 16: however, with regard to his children and grandchildren, that is available upon agreement of the probation officer after having consulted with counselors.

(Exhibit B, pp. 26-28, Sentencing Transcript)

Mr. Bowman respectfully requests that his judgment be amended to reflect the verbal order given at the time of sentencing by amending the Special Condition Number Two to include <u>supervised</u> contact/visitation with his own children or grandchildren and unsupervised contact/visitation with his own children or grandchildren with the permission of the probation officer after consultation with the treatment counselor. The judgment as to Special Condition Number Two should read as follows:

>The defendant shall not have any unsupervised contact with any child under the age of 16. With Regard to the defendant's own children or grandchildren, unsupervised contact/visitation may be allowed only with prior authorization of the Probation Officer after consultation with the treatment counselor.
>
>This motion is submitted pursuant to Fed.R.Crim.P. 36.

This motion is unopposed by Assistant United States Attorney Karen Loeffler, who represented the government at both sentencing and on appeal.

DATED this 21st day of November 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/M.J. Haden
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: mj_haden@fd.org

Certification:
I certify that on November 21, 2006,
a copy of the *Unopposed Motion on Shortened Time to Correct Clerical Error in Judgement* was served electronically on:

Audrey Renschen, Esq.
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK 99513-7567

a copy was hand delivered to:

Karen Loeffler, Esq.
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK 99513-7567

and a copy was faxed to:

Marci Lundgren/Toni Ostanik
Probation Officer
U.S. Probation & Pretrial Services
101 12th Avenue, Box 3
Fairbanks, AK 99701

/s/M.J. Haden